UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

YVETTE BARBARA BALDWIN,
Plaintiff,

Case No. 1:12-cv-134

Spiegel, J.
Bowman, M.J.

vs

UNITED NATIONS SECURITY
COUNCIL,
Defendant.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, has filed a *pro se* complaint with this Court. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490

U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

This is the eighth complaint that plaintiff has filed with this Court in little over a year's time. *See Yvette Barbara Baldwin v. Uncle Bob's Self Storage, et al.*, No. 1:10-cv-951 (S.D. Ohio, Cincinnati) (Dlott, J.; Litkovitz, M.J.); *Yvette Barbara Baldwin v. M&I Financial Corp., et al.*, No. 1:10-cv-952 (S.D. Ohio, Cincinnati) (Barrett, J.; Litkovitz, M.J.); *Yvette Barbara Baldwin v. Cincinnati Bar Ass'n, et al.*, No. 1:11-cv-71 (S.D. Ohio, Cincinnati) (Barrett, J.; Bowman, M.J.); *Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp.*, No. 1:11-cv-804 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.); *Yvette Barbara Baldwin v. Wyoming Police Dep't, et al.*, No. 1:11-cv-858 (S.D. Ohio, Cincinnati) (Weber, J.; Litkovitz, M.J.); *Yvette Barbara Baldwin v. Hashemite Kingdom of Jordan, et al.*, No. 1:12-cv-39 (S.D. Ohio, Cincinnati) (Dlott, J.; Bowman, M.J.); *Yvette Barbara Baldwin v. State of Indiana, et al.*, No. 1:12-cv-133 (S.D. Ohio, Cincinnati) (Barrett, J.; Wehrman, M.J.).[1] Three of the prior complaints were dismissed at the screening stage (Case Nos. 1:10-cv-951, 1:11-cv-71, 1:11-cv-858), and a

---

[1] Apparently, since the filing of this action, plaintiff has filed *in forma pauperis* applications with this Court in connection with even more complaints that must be subjected to *sua sponte* review. *See, e.g., Yvette Barbara Baldwin v. Hamilton County Clerk of Courts, et al.*, No. 1:12-cv-143 (S.D. Ohio, Cincinnati) (Weber, J.; Bowman, M.J.). Moreover, within the past year, plaintiff also filed two complaints in the federal district court for the Southern District of Indiana; those complaints were dismissed as frivolous at the screening stage. *See Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01513-WTL-MJD (S.D. Ind.) (Docs. 1, 4, 5); *Yvette Barbara Baldwin v. Marshall & Ilsley Financial Corp., et al.*, No. 1:11-cv-01588-WTL-DML (S.D. Ind.) (Docs. 1, 3, 4). An appeal is currently pending in the United States Court of Appeals for the Seventh Circuit from the district court's judgment in Case No. 1:11-cv-01513-WTL-MJD (S.D. Ind.), Appeal No. 11-3766. In addition, plaintiff has an *in forma pauperis* application pending before the Columbus Division of this Court in *Yvette Barbara Baldwin v. International Country of Germany, et al.*, Case No. 2:12-cv-115 (S.D. Ohio, Columbus) (Smith, J.; King, M.J.).

fourth case (Case No. 1:11-cv-804) is currently pending before the Court on the magistrate judge's Report and Recommendation to dismiss the complaint as frivolous, duplicative, and barred from review by the doctrine of *res judicata*. The undersigned is issuing a Report and Recommendation this date to dismiss the complaint filed in Case No. 1:12-cv-39 as frivolous.[2]

Plaintiff has filed the instant complaint against the United Nations Security Council. As in the prior complaints she has filed with this Court and in Indiana, the complaint under review repeats many of the same delusional allegations. Specifically, plaintiff alleges that when she was "a young child of pre-school age," she was granted royal status in Israel and Greece and "was awarded royal orders/edicts to several countries." (Doc. 1, "Complaint," p. 3). She states that she has "tried to locate royal orders awarded to [her] (in the States of Ohio and Indiana) through contacting the Cinti Bar Association and various offices in the State of Indiana," but was "advised by administrative officials in both states that the information cannot be located." (*Id.*). Plaintiff alleges that although she has "made several attempts over years to receive assistance from the [United Nations] Security Council in locating the royal orders/edicts," she has received "no response." (*Id.*). Plaintiff claims that as a "royal monarch," her "inquiries deserved a direct and complete response from the Security Council." (*Id.*, p. 4). As relief, plaintiff requests "an apology;" "legal documentation and identification verifying plaintiff's membership with the Security Council;" "complete access . . . to each royal order awarded, country listing and contact administrative official information;" and a "complete listing of all complaints lodged against the plaintiff (nationally & internationally)." (*Id.*, p. 5).

---

[2]As of this date, it appears that Case No. 1:12-cv-133 is currently pending before United States Magistrate Judge J. Gregory Wehrman for ruling on plaintiff's *in forma pauperis* application and for *sua sponte* review of the complaint for frivolousness. The only other case previously filed by plaintiff with this Court (Case No. 1:10-cv-952) was dismissed for lack of prosecution on July 1, 2011.

As in the prior cases dismissed by this Court, plaintiff has failed to allege any claim with an arguable basis in fact or law, or alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are delusional and, to the extent intelligible, fail to rise to the level of a violation of federal law. The only facts that plaintiff has alleged against the defendant is that it failed to respond to her requests for assistance in locating certain documents that would establish her royal status. These allegations, standing alone, are simply insufficient to state a viable claim for relief. In any event, the Convention on Privileges and Immunities of the United Nations (CPIUN), which was ratified by the United States, granted the United Nations absolute immunity, which it has not waived, "from every form of legal process." *See Brzak v. United Nations*, 597 F.3d 107, 110-13 (2nd Cir.), *cert denied*, 131 S.Ct. 151 (2010); *see also United States v. Bahel*, 662 F.3d 610, 623-24 (2nd Cir. 2011) (and cases cited therein); *Emmanuel v. United States*, 253 F.3d 755, 756 n.2 (1st Cir. 2001). Therefore, the Court lacks subject matter jurisdiction over this matter.

Accordingly, the undersigned concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted by this Court.

Furthermore, because the plaintiff has inundated this Court with complaints based on the same frivolous allegations, plaintiff is hereby **NOTIFIED** that if she continues to submit complaints raising claims identical or similar to those that have already been adjudicated, she may be subject to sanctions. A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law. The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50

(1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514 (6th Cir. 2002). The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule. Pursuant to Fed. R. Civ. P. 11(a), a *pro se* litigant must sign every pleading, written motion, and other paper submitted to the Court for filing. By signing documents filed with this Court, plaintiff is certifying that "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," (1) such documents are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase in the cost of litigation;" (2) "the claims, defenses, and other legal contentions [contained therein] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) "the factual contentions [contained therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3). The Court may impose appropriate sanctions against a *pro se* litigant for a violation of Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 548 (1991) (Rule 11 "speaks of attorneys and parties in a single breath and applies to them a single standard."); *Spurlock v. Demby*, No. 92-3842, 1995 WL 89003, at * 2 (6th Cir. Mar. 2, 1995) (Rule 11 does not provide a different standard for attorneys and non-attorneys); *see also Doyle v. United States*, 817 F.2d 1235 (5th Cir. 1987). "[P]ro se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). A Court may impose pre-filing restrictions as a mechanism to stop the

constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevon U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint brought against defendants be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), with notice to plaintiff that she may be subject to sanctions if she continues to file frivolous lawsuits with this Court, including, but not limited to, a pre-filing restriction that would prohibit the filing of any additional complaints without leave of Court.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).[3]

*S/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] It is noted that plaintiff, a non-prisoner, would remain free to apply for *in forma pauperis* status in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

YVETTE BARBARA BALDWIN,
    Plaintiff,

vs

UNITED NATIONS SECURITY COUNCIL,
    Defendant.

Case No. 1:12-cv-134

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

cbc